IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER RYAN LINKER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION: 24-0087-KD-N |
| | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Christopher Ryan Linker, proceeding without an attorney, filed a complaint under 42 U.S.C. § 1983, while he was incarcerated at Baldwin County Jail. (Doc. 1). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's proceedings, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's orders.

Plaintiff initiated this action in March 2024; however, the Court was unable to determine the claims being brought by Plaintiff or what Plaintiff wanted the Court to do for him. Specifically, it was unclear whether Plaintiff sought release from confinement or damages for a constitutional violation. Consequently, the Court ordered Plaintiff to refile his claim, either in a habeas petition or on the Court's form for a § 1983 action. (Doc. 3). Plaintiff was also ordered to file a motion to proceed without prepayment of fees or to pay the filing fee to commence the action. Plaintiff was ordered to comply with the order by May 3, 2024. (*Id*).

On April 18, 2024, Plaintiff filed two self-titled objections to the order (Docs. 4, 5), but he did not file an amended complaint, habeas petition, or a motion to proceed without

prepayment of fees by the deadline. The Court once again gave Plaintiff the opportunity to correct the deficiencies of his complaint and ordered him to file a habeas petition or amended complaint and motion to proceed without prepayment of fees by June 7, 2024. (Doc. 6). Included in the order was the warning that "if Plaintiff does not advise the Court of any change in his address, the undersigned Magistrate Judge will recommend that this action be dismissed without prejudice for failure to prosecute and to comply with the Court's order." (*Id*. at 2).

On May 28, 2024, the Court's order was returned undeliverable, stamped by the Baldwin County Jail as, "RETURN TO SENDER [Christopher Ryan Linker] Not at this Address." (Doc. 7 at 1). An independent internet search for Plaintiff was conducted and reveals that Plaintiff was released on bond on April 26, 2024. *See* www.Alacourt.com (last visited June 11, 2024).

Plaintiff has not communicated with the Court in any manner since April 18, 2024. Additionally, it appears that Plaintiff is no longer incarcerated at Baldwin County Jail, but he did not inform the Court of his release, or a new address as ordered.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (internal quotation marks omitted)). *Accord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's

authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

Because Plaintiff has failed to notify the Court of his release from jail and change in address, nor has Plaintiff refiled his complaint to correct the deficiencies previously set out by the Court, Plaintiff has failed comply with the Court's order and failed to prosecute this action. Accordingly, it is recommended that this action be dismissed without prejudice, as no lesser sanction will suffice to address Plaintiff's willful conduct. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied*, 493 U.S. 863 (1989); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee even though he filed his signed consent form); *Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal

the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **12th** day of **June**, **2024**.

/s/ KATHERINE P. NELSON  
**UNITED STATES MAGISTRATE JUDGE**